PROVIDENCIA GELY, demandante y apelante, *v.* FRUCTUOSO RODRÍGUEZ, demandado y apelado.

No. 3528.—*Visto:* Marzo 31, 1925. *Resuelto:* Julio 22, 1925.

1. MARIDO Y MUJER—BIENES GANANCIALES—AUMENTO DE VALOR EN PROPIEDAD INMUEBLE PRIVATIVA DE UN CÓNYUGE.—El simple aumento de valor en el mercado de una propiedad inmueble privativa no convierte dicho aumento en ganancial cuando éste proviene de la naturaleza o del tiempo.

2. APELACIÓN Y ERROR—RESOLUCIÓN Y DISPOSICIÓN DEL CASO—CONFIRMACIÓN—
AUSENCIA DE DATOS EN APELACIÓN PARA DICTAR SENTENCIA DISTINTA DE LA
APELADA.—A falta de datos precisos en la transcripción que permitan al
tribunal de apelación dictar una sentencia distinta de aquella que dictó el
tribunal inferior, ésta debe confirmarse.

SENTENCIA de *Gabriel Castejón,* J. (Guayama), declarando sin lu-
gar, en parte, impugnación a un inventario de bienes presentado
por los demandados. *Confirmada.*

*José F. Aponte,* abogado de la apelante; *Manuel A. Martínez Dá-
vila,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del
tribunal.

Providencia Gely entabló demanda de divorcio contra su
esposo Fructuoso Rodríguez y obtuvo sentencia favorable a
sus pretensiones. Nombróse un contador-partidor para li-
quidar los bienes, pero no llegó a desempeñar su cometido.
Murió Rodríguez y sustituído que fué por sus herederos,
Providencia Gely pidió a la corte que ordenara a éstos que
presentaran un inventario de los bienes. Así lo hicieron.
Providencia Gely lo impugnó. Se celebró una vista en la
que ambas partes aportaron pruebas y la corte finalmente
dictó sentencia declarando con lugar la impugnación en
cuanto a dos casas fabricadas con posterioridad a la disolu-
ción de la sociedad de gananciales pero con anterioridad al
inventario, ordenando su inclusión en éste, y sin lugar en
cuanto a sus demás extremos, sin especial condenación de
costas. No conforme la Sra. Gely, interpuso la presente
apelación.

El inventario contiene una breve introducción explicativa
de los hechos del caso y luego consigna como bienes priva-
tivos del marido, 12 fincas rústicas, 2 urbanas, 85 cabezas
de ganado, 8 caballos, 2 yeguas, 2 burros, 1 calesa y el mobi-
liario de la casa. No fija el valor de dichos bienes. Ex-
presa que el marido los adquirió parte por herencia de su
primera esposa doña Manuela Martínez y parte como ga-
nanciales de su primer matrimonio, y que los dichos bienes
no han sido mejorados durante el segundo matrimonio.

Como bajas de los bienes privativos expresa que la finca No. 11 fué vendida. Relaciona entonces como bienes gananciales una finca rústica y la suma de $4,000 depositada en la mercantil Freiría & Co., pendiente de la liquidación de la quiebra de dicha mercantil. Por último expresa el inven-. tario que al morir el marido aparecieron en una de sus fincas 11 cabezas de ganado marcado como pertenecientes a otra persona.

Puede decirse que en la impugnación se acepta que las catorce propiedades inmuebles privativas lo son en efecto, pero se sostiene que han aumentado considerablemente de valor, y se alega que el aumento es ganancial. Se designa como bienes gananciales dejados de incluir en el inventario productos de las fincas vendidas ascendentes a muchos miles de dólares, 80 cabezas de ganado y mobiliario de la casa.

Creemos que la corte actuó derechamente al declarar sin lugar la impugnación en relación con los bienes inmuebles privativos.

[1] No se alegó que los dichos bienes hubieran aumentado de valor a virtud de mejoras realizadas por el trabajo de los cónyuges o a costa de los bienes de la sociedad de gananciales. Tal como se presentó el caso parece que se sostiene por la Sra. Gely que el simple aumento de valor de una propiedad inmueble privativa en el mercado, convierte el aumento en ganancial, y ello no es en verdad así. Aun cuando pudiera calificarse dicho aumento de mejora, no sería ganancial. "Nada hay que decir," expresa Manresa en sus Comentarios al Código Civil, vol. 9, p. 598, "de las mejoras provenientes de la naturaleza o el tiempo. Unidas a los bienes, van con ellos aumentando su valor en beneficio del respectivo propietario, y no exigen indemnización, puesto que no han costado desembolso alguno."

[2] Lo único que nos hace dudar al resolver este caso es la parte relativa al ganado y a los bienes muebles. No se explica satisfactoriamente que sólo existiera a la fecha de la disolución, el crédito de cuatro mil dólares sujeto a las re-

sultas de una quiebra como se ha indicado y las once cabe-
zas de ganado marcadas como pertenecientes a una persona
diferente del esposo, pero no encontramos datos precisos en
la transcripción que nos permitan dictar una sentencia dis-
tinta de la que dictó la corte de distrito.

La prueba aportada por la Sra. Gely tiende a demostrar
que las fincas produjeron grandes sumas, pero nada esta-
blece con respecto a los gastos y al beneficio líquido que pu-
diera existir a la fecha de la disolución de la sociedad o de
la formación del inventario.

La prueba de la Sra. Gely también tiende a demostrar
que Rodríguez ocultó el ganado que tenía, ochenta cabezas,
cuando se trató de trabar sobre él un embargo en el pleito
de divorcio, pero nada establece con certeza con respecto a
la existencia real de ganado a la fecha de la disolución del
matrimonio.

Nos damos cuenta de la dificultad en que una mujer co-
locada en la posición de la demandante se encuentra para
investigar y fijar bienes de la naturaleza de los que aquí se
trata, pero no podemos fallar por meras suposiciones más o
menos lógicas y debe merecernos crédito la actuación del juez
sentenciador que estaba en mejores condiciones que nosotros.

Ahora bien, aunque ello sea innecesario, parece oportuno
consignar que la sentencia de la corte al aprobar el inventa-
rio en la forma en que lo hizo, no resuelve de una vez y para
siempre que en el matrimonio de que se trata sólo existieron
como bienes gananciales los especificados en el inventario.
El inventario es el primer paso en las operaciones diviso-
rias y si la parte interesada encuentra más bienes que le-
gítimamente correspondan a la sociedad y puede determinar-
los con certeza y precisión, puede pedir a la corte que or-
dene que dichos bienes sean traídos a la masa para que sean
liquidados y distribuidos de acuerdo con los hechos y la ley.
Quizá, aunque innecesario también, sea oportuno recordar
que estos pleitos en que las partes a virtud de prejuicios y
rencores no quieren ceder y obstaculizan toda resolución ar-

mónica, sólo conducen finalmente a la ruina. A veces es imposible llegar a una conclusión exacta. En este caso, por ejemplo, existen doce fincas rústicas. Parece que Rodríguez era un hombre de campo. Quizá no llevaba libros de contabilidad. ¿Cómo puede reconstruirse una administración de bienes así que duró varios años? Lo mismo sucede con el ganado. Hay propietarios cuidadosos que pudieran presentar una historia completa, pero otros no llevan la más leve nota. La buena fe; el verdadero deseo de ganar y dejar ganar; el apreciar los datos con ánimo sincero de acertar, acercándose a la mayor justicia posible, y luego el llegar a una resolución en números redondos, definitiva, sin fijarse mucho en detalles, es lo que permite solucionar pronta y debidamente estos problemas.

*Por virtud de todo lo expuesto, se confirma la sentencia recurrida.*